IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EBONY JONES and MARLA WALKER, individually and on behalf of all others similarly situated,<br><br>            Plaintiffs,<br>  v.<br><br>LEMONADE INC.,<br><br>            Defendant. | Case No. 1:21-cv-04513<br>Hon. John Robert Blakey<br>Magistrate Judge Sunil R. Harjani |
| MILTON CITCHENS, individually and on behalf of all others similarly situated,<br><br>            Plaintiff,<br>  v.<br><br>LEMONADE INC.,<br><br>           Defendant. | Case No.: 1:21-cv-04525 |
| KYLE SWERDLOW, individually and on behalf of all others similarly situated,<br><br>            Plaintiff,<br>  v.<br><br>LEMONADE INSURANCE AGENCY, LLC,<br><br>           Defendant. | Case No.: 1:21-cv-04517 |
| ALEXANDER CLARKE, individually and on behalf of all others similarly situated,<br><br>            Plaintiff,<br>  v.<br><br>LEMONADE INC.,<br><br>           Defendant. | Case No.: 1:21-cv-04522 |

**PLAINTIFFS' (i) *UNOPPOSED* MOTION TO CONSOLIDATE ACTIONS AND SET SCHEDULING DEADLINES; AND (ii) MOTION TO ENTER ORDER CONSISTENT WITH THE CIRCUIT COURT'S PRIOR ORDER APPOINTING INTERIM CLASS COUNSEL**

Plaintiffs Ebony Jones, Marla Walker, Milton Citchens, Kyle Swerdlow, and Alexander Clarke ("Plaintiffs"), by and through their respective undersigned counsel, hereby move and agree as follows, subject to the approval of the Court:

1. Plaintiffs filed four related putative class actions in the Circuit Court of Cook County, Chancery Division—specifically, *Jones, et al. v. Lemonade, Inc.* Case No. 2021CH03460; *Citchens v. Lemonade Inc.*, No. 2021CH03578; *Swerdlow v. Lemonade Ins. Agency, LLC*, No. 2021CH03583; and *Clarke v. Lemonade Inc.*, No. 2021CH03593 (the "Related Actions").[1]

2. Plaintiffs in the Related Actions alleged that Defendants Lemonade, Inc. and/or Lemonade Insurance Agency, LLC ("Defendants") violated Illinois' Biometric Information Privacy Act ("BIPA") and they seek to represent essentially the same Class of individuals.

3. After a period of meeting and conferring, Plaintiffs' counsel in each of the Related Actions agreed to coordinate their litigation efforts and self-consolidate by filing an amended complaint naming all four Plaintiffs in a single pleading. On August 9, 2021, Plaintiffs filed their Motion for Leave to File First Amended Complaint and for the Appointment of Interim Class Counsel in the Circuit Court of Cook County. *See* Exhibit A attached hereto.[2]

4. On August 24, 2021, Judge Loftus granted Plaintiffs' Motion and entered an Order appointing interim class counsel and allowing Plaintiffs leave to file an amended complaint, which was to be filed on August 27, 2021 (Plaintiffs intended to file their amended complaint in the first-

---

[1] Plaintiffs Jones, Walker, Citchens, and Clarke filed three related putative class actions against Lemonade Inc., and Plaintiff Swerdlow filed a related class action against Lemonade Inc.'s subsidiary, Lemonade Insurance Agency, LLC.
[2] Plaintiffs' counsel's qualifications for the appointment of Class Counsel are set forth in Exhibit A.

2

filed *Jones* matter and at the same time dismiss their individual cases without prejudice). *See* Exhibit B attached hereto.

5. Before Plaintiffs were able to proceed as ordered, however, on August 25, 2021, Defendants removed the Related Actions to the U.S. District Court for the Northern District of Illinois.

6. On August 25, 2021, Defendants filed a Motion for Reassignment of Cases pursuant to Local Rule 40.4 to reassign the Related Actions to this Court before the Honorable John Robert Blakey. *See* Dkt. 12. Plaintiffs' consent to the reassignment.

7. As it now stands, Defendants' responsive pleadings in the Related Actions are due on or before September 1, 2021. *See* Fed. R. Civ. P. 81 (providing that a defendant's responsive pleading is due "7 days after the notice of removal is filed").

8. Following removal, the Parties met and conferred regarding an extension of the responsive pleading deadline. As a result of that discussion, the Plaintiffs seek, *without opposition from Defendants* and subject to the Court's approval, to consolidate the Related Actions and set a schedule for pleadings consistent with the Order entered by Judge Loftus in the Circuit Court of Cook County prior to removal. *See* Ex. B.

9. Plaintiffs seek consolidation of the Related Actions pursuant to Federal Rule of Civil Procedure 42(a) on the grounds that the named Plaintiffs generally assert the same or similar allegations against the Defendants across the four actions and seek to assert overlapping claims on behalf of overlapping putative classes. *See generally* Dkt. 12; *see also* Ex. A attached hereto.[3]

---

[3] By agreeing to consolidation of the cases, Defendants do not concede that any of the actions should proceed individually or as putative class actions. Defendants preserve all defenses and arguments, including, but not limited to, all arguments against class certification.

3

10. In addition, and pursuant to Fed. R. Civ. P. 23(g), Plaintiffs seek the continuation of their appointed leadership structure consistent with the Order entered by Judge Loftus in the Circuit Court of Cook County prior to removal. *See* Ex. B. Plaintiffs' counsel agreed to a leadership structure that would streamline the prosecution of this litigation, promote efficiency and conserve judicial resources by avoiding an unnecessary leadership dispute. *See* Fed. R. Civ. P. 23(g). Defendants, without conceding that class certification is appropriate or waiving any arguments in opposition to class certification, take no position with respect to Plaintiffs' proposal concerning leadership amongst the Plaintiffs' counsel.

11. Further, because Plaintiffs expect that additional related cases may be filed or removed to this Court, Plaintiffs move to consolidate any subsequently filed or transferred related actions, for all purposes, including pretrial proceedings and trial, pursuant to Rule 42(a). This will ensure consistent and efficient adjudications in this Court.

WHEREFORE, for the foregoing reasons, Plaintiffs respectfully move the Court to adopt the schedule proposed in Plaintiffs' [PROPOSED] Order Granting Unopposed Motion To Consolidate Actions And Set Scheduling Deadlines submitted to the Court in connection with this Motion, subject to the approval of the Court.

In addition, Plaintiffs respectfully request that the Court also enter Plaintiffs' [PROPOSED] Order Appointing Interim Class Counsel consistent with the Order entered by Judge Loftus in the Circuit Court of Cook County prior to removal. The Parties have met and conferred and Defendants, without conceding that class certification is appropriate or waiving any arguments in opposition to class certification, take no position on Plaintiffs' proposal concerning leadership amongst the Plaintiffs' counsel.

Respectfully submitted this 30th day of August 2021.


/s/ *Gary M. Klinger*
Gary M. Klinger
**MASON LIETZ & KLINGER LLP**
227 W. Monroe Street, Suite 2100
Chicago, IL 60606
Tel: (202) 429-2290
Fax: (202) 429-2294
E-Mail: gklinger@masonllp.com

Katrina Carroll
**CARLSON LYNCH, LLP**
111 W. Washington Street, Suite 1240
Chicago, IL 60602
Telephone: (312) 750-1265
Facsimile: (312) 750-1591
kcarroll@carlsonlynch.com


Joseph P. Guglielmo*
**SCOTT+SCOTT**
**ATTORNEYS AT LAW LLP**
230 Park Avenue, 17th Floor
New York, NY 10169
Telephone: 212-223-6444
Facsimile: 212-223-6334
jguglielmo@scott-scott.com

Jonathan M. Jagher
**FREED KANNER LONDON &**
**MILLEN LLC**
923 Fayette Street
Conshohocken, PA 19428
Telephone: (610) 234-6487
Facsimile: (224) 632-4521
jjagher@fklmlaw.com

Frederick J. Klorczyk III*
**BURSOR & FISHER, P.A.**
888 Seventh Avenue
New York, NY 10019
Tel: (646) 837-7150
Fax: (212) 989-9163
E-Mail: fklorczyk@bursor.com

*Counsel for Plaintiffs*
**Pro hac vice* forthcoming

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on August 30, 2021, the foregoing document was filed via the Court's ECF system, which will cause a true and correct copy of the same to be served electronically on all ECF-registered counsel of record

*/s/ Gary M. Klinger*
Gary M. Klinger